IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS HERNANDEZ a/k/a | ) | |
| FLORIBERTO CARLOS HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| GIANNOULIAS HOSPITALITY, LLC, | ) | |
| d/b/a STATE RESTAURANT & CAFÉ, an | ) | |
| Illinois Limited Company, and | ) | |
| KONSTANTINOS GIANNOULIAS | ) | |
| a/k/a KOSTAS GIANNOULIAS, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**Now comes** Plaintiff, Carlos Hernandez a/k/a Floriberto Carlos Hernandez ("Plaintiff" or "Hernandez"), by and through his attorneys, Daniel I. Schlade and James M. Dore/Dore Law Offices LLC, pursuant to 29 U.S.C. § 201 et seq., commonly known as the Fair Labor Standards Act ("FLSA"), and 820 ILCS § 115/1 et seq., commonly known as the Illinois Wage Collection and Payment Act ("IWCPA"), and complains against Defendants Giannoulias Hospitality, LLC d/b/a State Restaurant & Cafe ("State Restaurant") and Konstantinos Giannoulias a/k/a Kostas Giannoulias ("Giannoulias") (State Restaurant and Giannoulias may collectively be referred to as "Defendants") and in support of this Complaint, state:

## Introduction

1. This action seeks redress for Defendants' willful violations of the FLSA and the IWCPA, and Defendants' failure to pay Plaintiff: overtime wages for hours worked in excess of forty (40) hours in a week; and wages for which Plaintiff worked but was never compensated.

1

2. Upon information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked and have failed to post a notice of rights.

3. Defendants' unlawful compensation practices had the effect of denying Plaintiff his earned and living wages.

## Parties

4. Plaintiff is a resident of Chicago, Cook County, Illinois; and he is a former employee of State Restaurant.

5. Defendant State Restaurant was a "sports bar and grill" type restaurant that was located at 935 W. Webster Ave., Chicago, Illinois. On information and belief, State Restaurant was opened in 2006, and it was closed in or about December 2019.

6. Defendant Giannoulias is the manager of record with the Illinois Secretary of State for State Restaurant. In addition, he was the "boss" of all employees at State Restaurant; on information and belief, he is the owner, or one of the owners of State Restaurant. Giannoulias is a resident of Chicago, Illinois.

## Jurisdiction And Venue

7. The Court possesses subject matter jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce). The Court possesses supplemental jurisdiction over the state law IWCPA claim pursuant to 28 U.S.C. § 1367, because the claim is so related to Plaintiffs' claim within such original jurisdiction that they form part of the same case or controversy, and arise out of the same underlying facts and transactions, under Article III of the United States Constitution.

8. Venue is proper in the Northern District of Illinois because all underlying facts and transactions occurred in Chicago, Illinois; and all parties to this lawsuit are residents of Chicago, Illinois.

### Facts Common To All Claims

9. Plaintiff began working at Defendant State Restaurant in or about 2008.

10. At all times, Plaintiff held the same position at State Restaurant; he worked in the kitchen performing food preparation for the restaurant chefs, colloquially known as "food prep".

11. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiffs filing this Complaint, Defendants scheduled Plaintiff to work in excess of forty (40) hours per week, every week that Plaintiff worked for Defendants.

12. Plaintiff's weekly schedule was as follows: he worked six days per week; and he would arrive at State Restaurant at 7:00 am, and depart at approximately 4:00 pm. During this nine-hour shift, Plaintiff was not granted breaks or time for personal meals such as lunch. Accordingly, his work week averaged fifty-four hours per week.

13. Plaintiff was paid on a weekly basis, and for the last three years that he worked for Defendants, his rate of pay was $700.00 per week.

14. Although Defendants scheduled Plaintiff to work in excess of forty (40) hours per week, Defendants did not pay Plaintiffs overtime wages at a rate of one and one-half his regular hourly rate of pay for all hours worked in excess of forty (40) hours.

15. Instead, Defendants paid Plaintiff his weekly rate of $700.00 per week for all hours worked, including hours worked in excess of forty (40) hours per week.

16. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

17. Plaintiff is not exempt from the provisions of the FLSA, or the IWCPA.

18. Defendants failed to pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed when he worked over forty (40) hours in a given workweek.

19. On or about December 20, 2019, State Restaurant abruptly closed without notice to employees, including Plaintiff.

20. As of the last date of Plaintiff's employ, Defendants failed to pay Plaintiff for three weeks of work, i.e. $700 per week or $2,100 total, which sum does not include missing overtime pay.

## COUNT I: VIOLATION OF THE FLSA

21. Plaintiff reincorporates by reference Paragraphs 1 through 20, as if set forth in full herein for Paragraph 21.

22. Defendant State Restaurant is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately-owned for-profit entity in the restaurant and bar industry.

23. Defendant Giannoulias is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) he is the publicly identified manager of Defendant State Restaurant, and he is the owner of State Restaurant; (2) he had the power to hire and fire the employees; (3) he supervised and controlled employee work schedules and conditions of employment; (4) he determined the rate and method of payment for employees; and/or (5) he maintained employment records.

24. Plaintiff is an "employee" as that term is used in Section 203 of the FLSA because he was employed by Defendants as a "food prep" worker, and he does not fall into any of the exceptions or exemptions for workers under the FLSA.

25. Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

26. Defendants did not compensate Plaintiff at a rate of at least one and one-half (1.5) times his regular hourly rate of pay for all hours worked in excess of forty (40) hours in his individual workweeks.

27. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week violated the FLSA.

28. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

29. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $12,250.00 in unpaid overtime wages; (ii) and liquidated damages of $36,750.00; and (iii) Plaintiff's attorney's fees and costs, to be determined.

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment in favor of Plaintiff, and against Defendants, jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $12,250.00;

B. An award liquidated damages in an amount equal to at least $36,750.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT II: VIOLATION OF THE IWCPA

30.  Plaintiff reincorporates by reference Paragraphs 1 through 29, as if set forth in full herein for Paragraph 30.

31.  Defendant State Restaurant is an "employer" as that term is defined in Section 2 of the IWCPA, because it is an Illinois Limited Liability Company bar and restaurant where wage payments were made directly by the business for work undertaken by employees, including Plaintiff.

23.  Defendant Giannoulias is an "employer" as that term is defined in Sections 2 and 13 of the IWCPA, because he is an agent of State Restaurant that knowingly permitted it to violate the provisions of the IWCPA.

24.  Plaintiff is an "employee" as that term is used in Section 2 of the IWCPA because he was employed by Defendants as a "food prep" worker, and he does not fall into any of the exceptions or exemptions for workers under the IWCPA.

25.  Defendants violated the IWCPA by failing to pay Plaintiff any wages for his final three weeks of employment with Defendant State Restaurant, which unpaid wages total $2,100.

26.  In addition, pursuant to Section 14 of the IWCPA, Plaintiff is entitled to recover interest on any unpaid wages at the rate of 2% per month, plus his costs of suit and reasonable attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment in favor of Plaintiff, and against Defendants, jointly and severally, for:

A. The amount of unpaid wages, totaling $2,100.00;

B. An award of 2% interest on all unpaid wages, accruing from the date the unpaid wages were owed through the date of judgment;

C. A declaration that Defendants violated the IWCPA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

                                            CARLOS HERNANDEZ a/k/a
                                            FLORIBERTO CARLOS HERNANDEZ

                                            s/Daniel I. Schlade
                                            Attorney For Plaintiff

James M. Dore (ARDC No. 6296265)
Daniel I. Schlade (ARDC No. 6273008)
*Attorneys For Plaintiff*
134 N. LaSalle, Suite 1208
Chicago, IL 60602
312-726-8401
Email: james@dorelawoffices.com
       Jmdore70@sbcglobal.net
       danschlade@gmail.com